UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORAH BARCLAY,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>DAVID PAWLAK and RAY CIOFFI,<br><br>　　　　　　　Defendants. | 3:09-cv-722 (CSH) |

**RULING ON MOTION TO COMPEL AND MOTIONS FOR SANCTIONS**

HAIGHT, Senior District Judge:

In her Amended Complaint [Doc. 12], Plaintiff alleges that Defendants' actions in terminating her employment with the State of Connecticut's Department of Mental Health and Addiction Services constituted discrimination against her on the basis of perceived mental illness, in violation of the Equal Protection Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. §§ 1983 and 1988.  (Am. Compl. ¶¶ 14, 17)  Plaintiff also asserts that this arbitrary conduct violated her right to substantive due process.  (Id. at ¶ 18)  All parties in this proceeding are represented by counsel.

For the reasons stated below, Defendants' Motion to Compel [Doc. 23] is GRANTED. Plaintiff shall make complete discovery responses as described herein on or before December 16, 2009.  The Clerk is ordered to seal Exhibit A[1] to Defendants' Motion to Compel. [Doc. 23] Plaintiff's Motion for Sanctions [Doc. 28] is DENIED.  Defendants' Motion for Sanctions [Doc. 23 at ¶ 19] is DENIED.

---

[1] A redacted version of the same document is already available on the docket as Exhibit A to Doc. 30 (Defendants' Response to Plaintiff's Motion for Sanctions).

I.      Defendants' Motion to Compel

Defendants move pursuant to Federal Rule of Civil Procedure 37 to compel Plaintiff to fully respond to Defendants' July 8, 2009 interrogatories and requests for production.  Plaintiff provided partial responses dated September 10, 2009. [See Doc. 23, Ex. A]  Several of Plaintiff's responses represented that the relevant records "have been requested and will be produced upon receipt."  Id.  Defendants have made repeated efforts to obtain these records from Plaintiff, as documented in the emails attached as Defendants' Exhibit B.  Notwithstanding Defendants' efforts to resolve this issue without Court intervention, Plaintiff has not provided the documents.  Nor has Plaintiff objected to providing them.  As Defendants note, "this is not a case wherein the plaintiff's counsel has made inappropriate objections.  Rather, the plaintiff has failed to object and has failed to provide the records or authorizations . . . and while further responses were promised, there has been no additional response to date." [Doc. 23-2 at ¶¶ 20-21]

Aside from the arguments also raised in Plaintiff's motion for sanctions, Plaintiff opposes the motion to compel primarily[2] on the basis that it is "more than a little vague." [Doc. 29]  Therefore, the Court will enumerate the items which it now orders Plaintiff to provide to Defendants on or before December 16, 2009, which have been repeatedly requested, and not

---

[2] Plaintiff also objects that the motion to compel was filed without Defendants first tendering to Plaintiff a draft protective order. [Doc. 29 at ¶ 1]  Defendants' counsel had stated by email to Plaintiff's counsel on October 30, 2009, "I am certainly willing to enter into an appropriate protective order as I have no desire to publicize Ms. Barclay's woes.  Please provide me with an order that you propose." [Doc. 23, Ex. B]  Plaintiff's counsel responded later that day, "I am in agreement with the protective order and would appreciate it if you would do the drafting." Id.  Plaintiff's counsel now contends that it was inappropriate for Defendants to file the motion to compel without first drafting a protective order as he had requested.  However, Defendants' counsel had not offered to draft the protective order, had never agreed to the proposal by Plaintiff's counsel that she do his work for him, and was under no obligation to do so in order to receive discovery to which Defendants were otherwise entitled.

objected to, in the motion to compel, in the requests for production, and in the email exchange between the parties.

Plaintiff stated in response to Request for Production number one, seeking medical reports and health care provider records, that "Medical records have been requested and will be produced upon receipt." [Doc. 23, Ex. A]  An identical response was made to Request for Production number twelve, which in fact sought executed medical authorization forms for the two doctors identified in response to Interrogatories eight and eighteen, rather than medical records.  In response to Request for Production number fourteen, seeking executed employment records authorizations, Plaintiff stated, "The plaintiff's employment records have been requested and will be produced upon receipt."  Id.  Defendants also requested and have not received records regarding other litigation in which Plaintiff is involved, as identified in response to the Interrogatories, as well as Plaintiff's blog posts relating to the various cases and/or to the allegations in this case.  See Requests for Production Nine and Thirteen, and Ex. B.  Court orders Plaintiff to fully comply, to the extent that she has not already done so, with the requests for production noted herein on or before December 16, 2009.

II.     Plaintiff's Motion for Sanctions

Plaintiff moves that Defendants' Motion to Compel be denied, and sanctions of $1,000.00 be assessed against Defendants, because Defendants attached as an exhibit to their Motion to Compel an unredacted copy of Plaintiff's discovery responses [See Ex. A, Doc. 23-5], which contained Plaintiff's full social security number and date of birth, in violation of Federal Rule of

Civil Procedure 5.2.[3]  The Motion to Compel was not filed under seal and therefore the information it contained was accessible to the public.

Defendants admit that they made an error, stating that the unredacted version of Plaintiff's discovery responses was inadvertently attached instead of the redacted version.  They maintain that sanctions should not be imposed because the error was not intentional or egregious, noting that they filed their response to the motion for sanctions, along with the redacted version of the discovery responses, on the next business day after receiving Plaintiff's motion for sanctions.  Defendants state that they were never contacted regarding the error, which they would have moved to correct immediately, and that Plaintiff instead "wait[ed] until twenty days after the original filing to bring this to the attention of the Court." [Doc. 30 at 1]

The Court agrees that Plaintiff's legitimate privacy interests would have been better and more rapidly vindicated by Plaintiff's timely conferral with Defendants regarding the problem.  Furthermore, Local Rule of Civil Procedure 37(a) requires such conferral before the filing of any motion pursuant to Federal Rule of Civil Procedure 37.   The party making the motion must have "conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy."  D. Conn. L. Civ. R. 37(a).  Here, there is no certification or evidence of any attempt by Plaintiff to resolve the problem between the parties before moving for sanctions, and Defendants state that they were never contacted about it.  Plaintiff's Motion for Sanctions [Doc. 28] is DENIED.

---

[3] Rule 5.2(a) provides that the filing may include only the last four digits of the social security number and the year of the individual's birth.

Civil Procedure 5.2.[3]  The Motion to Compel was not filed under seal and therefore the information it contained was accessible to the public.

Defendants admit that they made an error, stating that the unredacted version of Plaintiff's discovery responses was inadvertently attached instead of the redacted version.  They maintain that sanctions should not be imposed because the error was not intentional or egregious, noting that they filed their response to the motion for sanctions, along with the redacted version of the discovery responses, on the next business day after receiving Plaintiff's motion for sanctions.  Defendants state that they were never contacted regarding the error, which they would have moved to correct immediately, and that Plaintiff instead "wait[ed] until twenty days after the original filing to bring this to the attention of the Court." [Doc. 30 at 1]

The Court agrees that Plaintiff's legitimate privacy interests would have been better and more rapidly vindicated by Plaintiff's timely conferral with Defendants regarding the problem.  Furthermore, Local Rule of Civil Procedure 37(a) requires such conferral before the filing of any motion pursuant to Federal Rule of Civil Procedure 37.   The party making the motion must have "conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy."  D. Conn. L. Civ. R. 37(a).  Here, there is no certification or evidence of any attempt by Plaintiff to resolve the problem between the parties before moving for sanctions, and Defendants state that they were never contacted about it.  Plaintiff's Motion for Sanctions [Doc. 28] is DENIED.

---

[3] Rule 5.2(a) provides that the filing may include only the last four digits of the social security number and the year of the individual's birth.

III.     Defendants' Motion for Sanctions

In the Motion to Compel, Defendants also moved for $1,388.00 in attorney's fees, paralegal fees, and copying costs associated with preparing the Motion to Compel. [Doc. 23 at ¶ 19.  See also Bill of Costs, Doc. 23-4]  In light of Defendants' admitted error in attaching an unredacted copy of Plaintiff's discovery responses to the Motion to Compel, Defendants' Motion for Sanctions is hereby DENIED.

IV.     Conclusion

For the reasons stated above, Defendants' Motion to Compel [Doc. 23] is GRANTED. Plaintiff shall make complete discovery responses as described herein on or before December 16, 2009.  The Clerk is ordered to seal Exhibit A to Defendants' Motion to Compel. [Doc. 23] Plaintiff's Motion for Sanctions [Doc. 28] is DENIED.  Defendants' Motion for Sanctions [Doc. 23 at ¶ 19] is DENIED.

It is SO ORDERED.

Dated: New Haven, Connecticut

December 4, 2009

      /s/ *Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge