UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORAH BARCLAY,<br><br>            Plaintiff,<br>v.<br><br>DAVID PAWLAK and RAY CIOFFI,<br><br>            Defendants. | 3:09-cv-722 (CSH) |

**RULING ON MOTION FOR SANCTIONS**

HAIGHT, Senior District Judge:

In her Amended Complaint [Doc. 12], Plaintiff alleges that Defendants' actions in terminating her employment with the State of Connecticut's Department of Mental Health and Addiction Services constituted discrimination against her on the basis of perceived mental illness, in violation of the Equal Protection Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. §§ 1983 and 1988.  (Am. Compl. ¶¶ 14, 17)  Plaintiff also asserts that this arbitrary conduct violated her right to substantive due process.  (Id. at ¶ 18)  All parties in this proceeding are represented by counsel.

On December 4, 2009, the Court granted Defendants' Motion to Compel [Doc. 23] and ordered Plaintiff to supplement her responses to Defendants' July 8, 2009 interrogatories and requests for production on or before December 16, 2009. [Doc. 31]   The parties also filed cross-motions for sanctions [Docs 23 & 28], both of which the Court denied on December 4, 2009. [Doc. 31]

Now pending is another motion by Defendants for sanctions pursuant to Federal Rule of Civil Procedure 37. [Doc. 34]  Defendants contend that Plaintiff has failed to fully comply in

producing the discovery ordered by the Court when it granted Defendants' Motion to Compel. Therefore, Defendants move that Plaintiff's Amended Complaint be dismissed with prejudice as a sanction for her discovery non-compliance. For the reasons stated herein, Defendants' Motion for Sanctions [Doc. 34] is DENIED.

A review of the briefs and materials attached thereto reflect that since the Court granted Defendants' motion to compel, Plaintiff has substantially complied with the Court's order. The primary deficiency of Plaintiff's September 10, 2009 discovery response, which was made prior to Defendants' motion to compel, was that Plaintiff repeatedly represented that the responsive records "have been requested and will be produced upon receipt." The instant motion for sanctions, filed December 31, 2009, maintained that Plaintiff had still failed to produce various documents, notwithstanding the December 16, 2009 deadline that the Court had imposed. Indeed, by Plaintiff's own admission, she provided the bulk of the responsive materials in late December 2009 and in January 2010 [See Doc. 37 at 1-4], which was after the deadline. Plaintiff has now provided a significant amount of discovery, so much so that one of Defendants' primary complaints on reply was that Plaintiff had not adequately identified or organized the materials produced.

The Court shares Defendants' frustration at Plaintiff's casual attitude toward court-ordered deadlines. However, Defendants now have Plaintiff's discovery responses, and the purported remaining deficiencies, such as the failure to produce blog entries that are readily available to the public on the internet, are not significant. Defendants are not meaningfully prejudiced by the delay, in light of the fact that the discovery deadline has since been extended, on Defendants' request and with the consent of Plaintiff, until April 20, 2010. [Doc. 43]  While

the method by which Plaintiff has conducted discovery has been less than ideal, it does not rise to the level of egregious non-compliance that would justify imposing the ultimate sanction of dismissing Plaintiff's case without reaching the merits.  *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990) (internal quotation marks omitted))).

Therefore, Defendants' Motion for Sanctions [Doc. 34] is DENIED.  Defendants also seek attorney's fees and costs associated with the motion for sanctions totaling $2,973.50.  [See Bill of Costs attached to Motion for Sanctions.]  Given that Defendants have not prevailed on the underlying motion, the request for associated attorney's fees and costs is also denied.

It is SO ORDERED.

Dated: New Haven, Connecticut

April 6, 2010

                                                /s/ *Charles S. Haight, Jr.*
                                               Charles S. Haight, Jr.
                                               Senior United States District Judge