# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| |  |
|---|---|
| DEBORAH BARCLAY, <br><br> Plaintiff, <br> v. <br><br> DAVID PAWLAK and RAY CIOFFI, <br><br> Defendants. | 3:09-cv-722 (CSH) |

## RULING ON MOTION FOR SUMMARY JUDGMENT

HAIGHT, Senior District Judge:

In her Amended Complaint [Doc. 12], Plaintiff Deborah Barclay alleges that Defendants David Pawlak and Ray Cioffi retaliatorily terminated her employment with the State of Connecticut's Department of Mental Health and Addiction Services ("DMHAS"), which constituted discrimination against her on the basis of perceived mental illness, in violation of the Equal Protection Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. §§ 1983 and 1988. (Am. Compl. ¶¶ 14, 17) Plaintiff also asserts that this arbitrary conduct violated her Fourteenth Amendment right to substantive due process. (*Id.* at ¶ 18) All parties in this proceeding are represented by counsel.

Defendants now move for summary judgment, arguing that the Court lacks personal jurisdiction over them because they were not properly served. Defendants also seek summary judgment on the basis of res judicata, collateral estoppel, and judicial estoppel arising from Plaintiff's two prior federal lawsuits concerning her employment with DMHAS. For the reasons stated herein, Defendants' Motion for Summary Judgment [Doc. 54] is GRANTED, and the case is dismissed for lack of personal jurisdiction and for insufficient service of process.

Defendants move pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) to dismiss the claims against them because they were not served in accordance with Federal Rule of Civil Procedure 4 and thus the Court lacks personal jurisdiction over them. While both Defendants were employees of the state agency DMHAS at the time of the incidents complained of in the Amended Complaint, Defendants are sued solely in their individual capacities. (Am. Compl. ¶ 4) However, Defendants were never served in hand or at their abodes, nor did either Defendant receive a summons and complaint in the mail with a request to waive service. Instead, service was made solely upon the Office of the Attorney General, through Gregory D'Auria, Associate Attorney General.

Defendants' argument with respect to the inadequacy of service is as follows: While the Office of the Attorney General is authorized to accept service on behalf of state officials sued in their official capacity, it is not authorized to accept service on behalf of state officials sued in their individual capacity unless so authorized by the employee. Neither Defendant designated the State of Connecticut, the Office of the Attorney General, or Gregory D'Auria to accept service of process for him in his individual capacity. Therefore, Defendants contend, they have not been served, personal jurisdiction is lacking, and the Amended Complaint must be dismissed. [Doc. 54-1 at 5-7]

Defendants asserted this defense in their Answer and Affirmative Defenses, stating, "Plaintiff has failed to properly serve some or all of the defendants with legal process in accordance with applicable law." (Seventh Defense) [Doc. 13 at 4] Federal Rule of Civil Procedure 12(h)(1) provides that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either:

(i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Defendants complied with the requirements of Rule 12(h) and preserved this defense regarding improper service by including it in their first responsive pleading, which was their Answer.

Plaintiff does not contest, and thus concedes, that Defendants were not adequately served. Instead, Plaintiff argues that, notwithstanding having raised the defense in their Answer, Defendants have waived their objection to personal jurisdiction by actively participating in the litigation over the last year, including by participating in discovery and filing Rule 37 discovery motions. [Doc. 56 at 2-5] Plaintiff also maintains that Defendants' failure to file a motion to dismiss for lack of personal jurisdiction constitutes waiver of the defense.[1] *Id*.

Plaintiff relies on three cases in support of her argument that Defendants have subsequently waived or forfeited the objection to personal jurisdiction which was asserted in their answer. In *Hamilton v. Atlas Turner, Inc.*, the Second Circuit concluded that defendant had "forfeited its defense of lack of personal jurisdiction by participating in extensive pretrial proceedings and forgoing numerous opportunities to move to dismiss during the four-year interval that followed its inclusion of the defense in its answer." 197 F.3d 58, 59 (2d Cir. 1999). In that case, unlike here, four years had passed since defendant had asserted the defense and the jury had already returned a verdict in plaintiff's favor before the district judge dismissed the complaint for lack of personal jurisdiction.

---

[1] Defendants have not filed a Rule 12 motion prior to filing the instant motion for summary judgment, so this is not an instance where Defendants have waived a defense by omitting it from a previous Rule 12 motion despite its availability at that time. See Rules 12(h)(1)(A) and 12(g)(2).

Plaintiff also relies on *Datskow v. Teledyne, Inc.*, in which the Second Circuit concluded that "under all the circumstances, . . . defendant's conduct bars it from complaining about the defective form of service." 899 F.2d 1298, 1303 (2d Cir. 1990).[2] In that case, only a few months had passed since defendant had asserted the defense in a timely answer, but other considerations, such as defendant's failure to raise the issue during a conference with a magistrate, informed the *Datskow* court's conclusion, although it noted that in other cases where waiver had been found, the delays in challenging personal jurisdiction were significantly longer. *Id.*, citing *Burton v. Northern Dutchess Hospital*, 106 F.R.D. 477 (S.D.N.Y. 1985) (delay of over three years); *Vozeh v. Good Samaritan Hospital*, 84 F.R.D. 143 (S.D.N.Y. 1979) (delay of two years).

Here, the Amended Complaint was filed on June 28, 2009. Defendants' Answer, including the defense regarding improper service, was filed on July 2, 2009. Approximately a year later, on June 25, 2010, the instant Motion for Summary Judgment was filed, containing Defendants' preserved arguments regarding lack of personal jurisdiction and improper service. As Defendants note, "courts in [the Second] Circuit, without requiring a prior motion to dismiss, have granted summary judgment for improper service when defendants raised personal jurisdiction as an affirmative defense in their Answer." *Eiden v. McCarthy*, 531 F. Supp. 2d 333, 344-345 (D. Conn. 2008) (quoting *Lange v. Town of Monroe*, 213 F. Supp. 2d 411, 421 (S.D.N.Y. 2002)). Thus, the issue can be raised in a motion for summary judgment, and there is

---

[2] The third case upon which Plaintiff relies, *Hawknet, Ltd. v. Overseas Shipping Agencies,* is inapposite because it addresses whether "defendant waived its right to assert on appeal that the District Court lacks personal jurisdiction over defendant because defendant did not make any such argument before the District Court." 590 F.3d 87, 91 (2d Cir. 2009). In the instant case, Defendant is raising the personal jurisdiction and service issues before the District Court.

no requirement that a motion to dismiss have been filed in order to avoid waiving an improper service defense that has been timely asserted in an Answer. While a defense raised in an answer can later be deemed to have been waived if several years and significant proceedings in the case have transpired in the interim, that is not the case here. In the instant case, only one year passed between Defendants' raising the defense in their answer and asserting it for decision in their summary judgment motion. In the interim, the case has not progressed very far, as only discovery motions have been litigated and Plaintiff has not yet been deposed.

Additional circumstances of this case also militate against finding that Defendants' defense of improper service has been waived. On March 23, 2010, Defendants filed a Motion for Permission to File Bifurcated Motion for Summary Judgment [Doc. 44], to which Plaintiff consented. This motion, which was granted, specifically proposed filing "an initial Motion for Summary Judgment limited to the issues of Res Judicata, Collateral Estoppel, Judicial Estoppel, and Jurisdiction" [Doc. 44 at 1], with a second motion for summary judgment on the full merits to be filed later if the case was not dismissed based on the initial motion.

Thus, Plaintiff was aware through Defendants' Answer, filed only days after Plaintiff's Amended Complaint, that Defendants contended that service was inadequate. Then, on or about March 23, 2010, Plaintiff was reminded of the personal jurisdiction issue, and was advised of Defendants' intent to pursue it upon motion for summary judgment, on the ground of, *inter alia*, "Jurisdiction." Based on the fact that Plaintiff offers no argument that service was properly accomplished, it appears that Plaintiff concedes and was aware that Defendants had not been correctly served. Yet at no time during these proceedings did Plaintiff attempt to remedy the defective service. It would be a perverse result to find that Defendants had waived the defense

that they had specifically asserted, while permitting Plaintiff to take the implicit position that she may simply elect not serve Defendants in accordance with Rule 4 unless forced to do so upon motion by Defendants. The case is dismissed for lack of personal jurisdiction and for insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5).

Plaintiff admits that the statute of limitations has now expired. [Doc. 56 at 4] Even though Plaintiff has essentially conceded that service was inadequate, she has not sought leave to make corrected service, instead relying solely on her waiver argument. The Court will not extend additional time to Plaintiff to make service, because she was aware of the deficiency and failed to correct it or to seek leave to do so. Furthermore, although the Court need not reach the issue in light of the dismissal, it appears that even adequate service would not save the case from dismissal on res judicata and/or collateral estoppel grounds, in light of Plaintiff's two prior federal lawsuits related to her employment with DMHAS.

CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment [Doc. 54] is GRANTED, and the case is dismissed for lack of personal jurisdiction and for insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). The Clerk shall close the case.

Also pending is Defendants' Motion to Strike Portions of Plaintiff's 56(a)(2) Statement in Opposition to the Motion for Summary Judgment. [Doc. 59] Defendants seek to have paragraphs 19-21, 23, and 25-27 and Section B, Plaintiff's Statement of Material Facts in Dispute, paragraphs 2-11, stricken because they improperly contain legal arguments, rather than statements of fact, and are not accompanied by sufficiently specific citations to admissible

evidence.  Given that the case is being dismissed for lack of personal jurisdiction and insufficient service of process, and given that the paragraphs in dispute relate solely to the issues of res judicata and collateral estoppel which the Court did not reach, Defendants' Motion to Strike [Doc. 59] is hereby DENIED AS MOOT.

Also pending is Plaintiff's Motion to Strike paragraphs 37-81 of Defendant's Rule 56(a)(1) Statement of Undisputed Facts. [Doc. 55]  Plaintiff contends that these paragraphs are not relevant to any of the issues before the Court on Defendants' Bifurcated Motion for Summary Judgment.  The paragraphs in dispute contain factual statements about Plaintiff's two previous federal lawsuits, with citations to the pleadings, depositions, affidavits, and decisions in those cases and in this case.  That material regarding the prior lawsuits is obviously relevant to the question before the Court of whether this case is barred by res judicata or collateral estoppel; indeed, it is unclear how the Court could possibly make that determination absent factual information regarding the claims and issues which were or could have been raised and decided in the prior litigation.  However, given that the case was dismissed for lack of personal jurisdiction and insufficient service of process, and given that the paragraphs in dispute relate solely to the issues of res judicata and collateral estoppel which the Court did not reach, Plaintiff's Motion to Strike [Doc. 55] is hereby DENIED AS MOOT.

It is SO ORDERED.

Dated: New Haven, Connecticut

February 9, 2011

                                                                                                       /s/ *Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge